Case 3:13-cv-00757-HEH Document 33 Filed 12/31/14 Page 1 of 4 PageID# 312

FILED
DEC 31 2014
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ROBERT EARL TIPPENS, JR., )
 )
    Petitioner, )
 )
v. )   Civil Action No. 3:13CV757–HEH
 )
COMMONWEALTH OF VIRGINIA, )
 )
    Respondent. )

## MEMORANDUM OPINION
### (Granting in Part and Denying in Part Respondent's Motion to Dismiss)

Robert Earl Tippens, Jr., a Virginia inmate proceeding *pro se*, filed this petition for habeas corpus under 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 3) challenging his convictions in the Circuit Court of Mecklenburg County ("Circuit Court") of felony eluding police, robbery, and attempted unlawful wounding of a law enforcement officers. Tippens demands relief upon the following grounds:

| | |
|---|---|
| Claim 1 | "I am being held illegally beyond the expiration of my sentence." (§ 2254 Pet. 6.)[1] |
| Claim 2 | "I was improperly convicted of an offense that is not the lesser included offense of my indicted charge." (*Id.* at 7.) |
| Claim 3 | The "trial court committed a due process violation by permitting the constructive amendment [of the indictment] when it was uncertain whether I was being convicted of conduct that was the subject of the Grand Jury's indictment." (*Id.* at 9 (citation omitted).) |
| Claim 4 | Prison officials "denied [Tippens] access to the court to appeal issues 1, 2, & 3 herein," by unconstitutionally restricting his access to computers at his place of incarceration. (*Id.* at 11.) |

---

[1] The Court corrects the capitalization in the quotations to Tippens's submissions.

## I. Respondent's Motion to Dismiss

Respondent filed a Motion to Dismiss. As explained below, Respondent generally fails to provide an adequate basis for dismissing Tippens's claims at this juncture.

For example, with respect to Claim 1, Respondent suggests that the Court should dismiss this claim because it is unexhausted. Respondent, however, fails to address, whether the exhaustion requirement has been "technically met" because a number of Virginia procedural rules would now bar consideration of this claim. *See Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006) (citing *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996)). Moreover, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). Tippens's theory that he has fully served his sentence appears fairly frivolous.[2] But given that Respondent has not provided the Court with the records from the Circuit Court, the Court declines to dismiss Claim 1 at this time.

Additionally, with respect to Claims 2 and 3, Respondent asserts that Tippens has procedurally defaulted these claims. (Br. Supp. Mot. Dismiss 8.) Respondent, however, fails to acknowledge and address Tippens's assertions of cause and prejudice to excuse his default. *See Harris v. Reed*, 489 U.S. 255, 262 (1989). Specifically, Tippens asserts that the ineffective assistance of counsel and inadequacies of his prison law library constitute cause excusing his default. (*See* § 2254 Pet. 8–10.)

Nevertheless, Respondent correctly notes that Tippens's complaints about the difficulties litigating his post-conviction challenges to his conviction and sentences, set forth

---

[2] Although Tippens was not convicted and sentenced until 2010, Tippens suggests that because of a clerical error in an order of the Circuit Court, his sentence commenced in 2000. (*See* Mem. Supp. § 2254 Pet. 1–2, ECF No. 4.)

in Claim 4, fail to provide a cognizable basis for federal habeas corpus relief. "[C]laims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief." *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) (emphasis omitted) (citations omitted). This is so because the habeas petitioner's detention results from the underlying state conviction, not the state collateral proceeding. *Lawrence v. Branker*, 517 F.3d 700, 717 (4th Cir. 2008) ("[E]ven where there is some error in state post-conviction proceedings, a petitioner is not entitled to federal habeas relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to the detention itself." (citing *Bryant*, 848 F.2d at 493; *Bell-Bey v. Roper*, 499 F.3d 752, 756 (8th Cir. 2007); *United States v. Dago*, 441 F.3d 1238, 1248 (10th Cir. 2006))). Accordingly, Claim 4 will be dismissed.

The Motion to Dismiss will be granted in part and denied in part. Should Respondent desire to file another more particularized Motion to Dismiss, raising any procedural defenses or addressing the merits of Claims 1, 2, and 3, it may do so within thirty (30) days of the date of entry hereof. If such motion is filed, Respondent must provide the Court with supporting records from the pertinent state courts.

## II. Tippens's Outstanding Motions

Tippens has filed a host of motions. Tippens has filed a "MOTION REQUESTING PERMISSION TO STATE A CLAIM" (ECF No. 14), in which Tippens complains about the quality of medical care he has received while incarcerated and seeks injunctive relief and monetary damages. Tippens also has filed a "MOTION FOR INJUNCTIVE RELIEF" (ECF No. 20), wherein he complains about his limited access to a computer. The above Motions

(ECF Nos. 14, 20) will be denied without prejudice to Tippens filing any appropriate action under 42 U.S.C. § 1983.

Tippens has filed a "MOTION FOR PERMISSION TO FILE MOTION TO VACATE JUDGMENT" (ECF No. 15) and "MOTION TO RECORD AND FILE SECURITY AGREEMENT" (ECF No. 17). In these motions, Tippens makes nonsensical allegations wherein he refers to himself as a claimant and asks the Court to file a security agreement or his attached Motion to Vacate. These frivolous motions (ECF Nos. 15, 17) will be denied.

Tippens also has filed two motions seeking his release. (ECF Nos. 19, 31.) These motions (ECF Nos. 19, 31) will be denied without prejudice. Furthermore, Tippens's letter requesting an expedited decision in this matter (ECF No. 32) will be denied without prejudice.

Finally, Tippens has filed a Motion for the Appointment of Counsel. (ECF No. 16.) There is no constitutional right to have appointed counsel in post-conviction proceedings. *Mackall v. Angelone*, 131 F.3d 442, 449 (4th Cir. 1997). Furthermore, Tippens fails to demonstrate that the interests of justice warrant the appointment of counsel at this juncture. *See* 18 U.S.C. § 3006A(a)(2)(B). Accordingly, Tippens's Motion for the Appointment of Counsel (ECF No. 16) will be denied without prejudice.

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Dec. 30 2014
Richmond, Virginia