IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ROBERT EARL TIPPENS, JR.,**

    Petitioner,

v.                                                             Civil Action No. **3:13CV757**

**COMMONWEALTH OF VIRGINIA,**

    Respondent.

## REPORT AND RECOMMENDATION

Robert Earl Tippens, Jr., a Virginia inmate proceeding *pro se*, filed this petition for habeas corpus under 28 U.S.C. § 2254 (hereinafter, "§ 2254 Petition," ECF No. 3) challenging his convictions in the Circuit Court of Mecklenburg County (hereinafter, "Circuit Court"). The matter is before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). Tippens argues entitlement to relief on the following grounds:

| | |
|---|---|
| Claim 1 | "I am being held illegally beyond the expiration of my sentence." (§ 2254 Pet. 6.)[1] |
| Claim 2 | "I was improperly convicted of an offense that is not the lesser included offense of my indicted charge." (*Id.* at 7.) |
| Claim 3 | The "trial court committed a due process[2] violation by permitting the constructive amendment [of the indictment] when it was uncertain whether I was being convicted of conduct that was the subject of the Grand Jury's indictment." (*Id.* at 9 (citation omitted).) |

---

[1] The Court corrects the capitalization in the quotations from Tippens's submissions.

[2] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

  Claim 4  Prison officials "denied [Tippens] access to the court to appeal issues 1, 2, & 3 herein," by unconstitutionally restricting his access to computers at his place of incarceration. (*Id.* at 11.)

By Memorandum Opinion and Order entered on December 31, 2014, the Court dismissed Claim 4. *Tippens v. Virginia*, No. 3:13CV757-HEH, 2014 WL 7462514, at *1 (E.D. Va. Dec. 31, 2014). For the reasons that follow, it is RECOMMENDED that the § 2254 Petition be DISMISSED because Claim 1 lacks merit and Claims 2 and 3 are procedurally defaulted.

### A.  Factual and Procedural History

In connection with his robbery of a bank employee and subsequent flight from the police, Tippens was indicted on charges of robbery, feloniously eluding a police officer, and attempting "to kill Sgt. W. Wells, a law enforcement officer, for the purpose of interfering with the performance of such officer's official duties, in violation of §§ 18.2-31;18.2-25 of the Code of Virginia . . . ." Indictment at 1, *Commonwealth v. Tippens*, No. CR10-17-00 (Va. Cir. Ct. 2010). At trial, after the prosecution presented its evidence, the Circuit Court granted the defense motion to strike the charge of attempted capital murder of a law enforcement officer, but allowed the jury to assess whether Tippens could be found guilty of attempted malicious wounding of a law enforcement officer. (May 27, 2010 Tr. 227-28.)

At the conclusion of the trial, the jury found Tippens guilty of robbery, feloniously eluding a police officer, and attempted unlawful wounding of a law enforcement officer. *Commonwealth v. Tippens*, Nos. CR10-17-01, CR10-17-02, CR10-17-03, at 1 (Va. Cir. Ct. Aug. 26, 2010). On appeal, Tippens challenged the sufficiency of evidence on the

2

charge of attempted unlawful wounding of a law enforcement officer. In rejecting Tippens's appeal, the Court of Appeals of Virginia aptly summarized the evidence of Tippens's guilt on that charge as follows:

> On December 23, 2009, appellant entered a bank, approached the teller with a gun, and passed a note instructing the teller to "give me all your money." As the teller moved about to gather the cash, appellant appeared to "freak out" and trained his gun on her, stating, "This is not a joke. I will shoot you. People will get hurt."
> After the robbery was complete, appellant fled the bank in a white truck. Shortly thereafter, Sergeant Walter Wells observed appellant's vehicle on Highway 58 and pursued him. Deputy Mark Wright followed close behind Wells in the pursuit, and Lt. Terry Edmonds fell in behind Wright. Appellant reached speeds of over a hundred miles per hour during the twelve-mile chase, with Wells trailing approximately "two seconds" behind him. During the chase, appellant slowed his vehicle without warning on two occasions. On the first occasion, appellant changed his speed from ninety to forty miles per hour. Although Wells was traveling close behind appellant, he was able to maintain distance.
> Appellant sped up again to approximately one hundred miles per hour and turned onto Highway 1. Suddenly, while traveling approximately ninety miles per hour, appellant "toe-nailed" his brakes and brought his car to a dead stop. The stop was so violent that appellant's tires squealed and smoked. Wells, who was only a few car lengths behind appellant, was forced to "slam" his brakes "really, really hard" and veer sharply to the right to avoid crashing into appellant's truck. Wright and Edmonds were forced to swerve to avoid a collision.
> Nothing was in the road ahead of appellant at the time he stopped his car. Wells testified appellant appeared to be "try[ing] to get me to run into him [ ] so I would be out of the chase or hurt me . . . ." After stopping, appellant drove approximately a quarter of a mile before turning left onto a secondary road where be accelerated to over eighty miles per hour. During the interval preceding the turn, appellant was traveling between fifty and sixty miles per hour.

*Tippens v. Commonwealth*, No. 1724-10-2, at 1-2 (Va. Ct. App. Feb. 9, 2011) (second alteration in original). On direct appeal, Tippens failed to raise any of his present claims for relief.

Following his conviction, Tippens filed a number of post-conviction motions and petitions in the Circuit Court and the Supreme Court of Virginia. (*See* Resp't's Second Br. Supp. Mot. Dismiss 2-7.) Tippens failed to present Claims 2 and 3 to the Supreme Court of Virginia in any of those submissions. (*See id.*)[3]

On May 6, 2013, Tippens filed a Motion to Vacate Order in the Circuit Court. Motion to Vacate Order at 1, *Tippens v. Commonwealth*, No. CR10-17-00/01 (Va. Cir. Ct. filed May 6, 2013). In that motion, Tippens raised a version of Claims 2 and 3. *See id.* at 1-2. On May 8, 2013, the Circuit Court dismissed Tippens's Motion to Vacate Order. *Tippens v. Commonwealth*, No. CR10-17-00/01 (Va. Cir. Ct. May 8, 2013). Tippens filed a Notice of Appeal. Notice of Appeal at 1, *Tippens v. Commonwealth*, No. CR10-17-00/01 (Va. Cir. Ct. filed June 3, 2013). On September 13, 2013, because Tippens failed to file a timely petition for appeal, the Supreme of Virginia returned the record to Circuit Court. September 13, 2013 Letter at 1, *Tippens v. Commonwealth*, No. CR10-17-00/01 (Va. Cir. Ct. filed Sept. 13, 2013).

**B.    Claim 1**

In Claim 1, Tippens argues that he is being held illegally beyond the expiration of his sentence. Following his sentencing on July 16, 2010, the Circuit Court sentenced Tippens to fifteen years of imprisonment. *Commonwealth v. Tippens*, Nos. CR10-17-01, CR10-17-02, CR10-17-03 (Va. Cir. Ct. Aug. 26, 2010). "Although Tippens was not

---

[3] No need exists to discuss all of Tippens's post-conviction submissions and the claims raised therein because, as discussed below, for purposes of satisfying the exhaustion requirement, Tippens must demonstrate the he fairly presented Claims 2 and 3 to the Supreme Court of Virginia.

4

convicted and sentenced until 2010, Tippens suggests that because of a clerical error in an order of the Circuit Court, his sentence commenced in 2000." *Tippens*, 2014 WL 7462514, at *1 n.2. "Tippens's theory that he has fully served his sentence [is] frivolous." *Id.* at *1 (citation omitted). Accordingly, it is RECOMMENDED that Claim 1 be DISMISSED.

C. **Claims 2 and 3**

1. **Exhaustion and Procedural Default**

State exhaustion "'is rooted in considerations of federal-state comity,'" and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491-92 & n.10 (1973)). The purpose of the exhaustion requirement is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate "'opportunity'" to address the constitutional claims advanced on

5

federal habeas. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)) (additional internal quotation marks omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in *each appropriate state court (including a state supreme court with powers of discretionary review)*, thereby alerting that court to the federal nature of the claim." *Id.* (emphasis added) (quoting *Duncan*, 513 U.S. at 365-66). Fair presentation demands that a petitioner must present "'both the operative facts and the controlling legal principles' associated with each claim" to the state courts. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994-95 (4th Cir. 1994).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). A federal habeas petitioner also procedurally defaults claims when he or she "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now

find the claims procedurally barred.'" *Id.* (quoting *Coleman*, 501 U.S. at 735 n.1).[4] The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citations omitted). Absent a showing of cause and prejudice or his actual innocence, this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

### 2. Claims 2 and 3 are unexhausted and procedurally defaulted

Tippens has not exhausted Claims 2 and 3 as he has failed to properly present these claims to the Supreme Court of Virginia. If Tippens now tried to present these claims to the Supreme Court of Virginia, that court would find the claims procedurally barred pursuant to the rule in *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974) because Tippens could have raised, but failed to raise these claims at trial and on direct appeal. *Slayton* constitutes an adequate and independent state procedural rule when so applied. *See Mu'Min v. Pruett*, 125 F.3d 192, 196-97 (4th Cir. 1997). Thus, Claims 2 and 3 are procedurally defaulted.

### 3. Tippens's attempts to excuse his default of Claims 2 and 3

Despite the procedural default of Claims 2 and 3, this Court may review these claims if Tippens establishes either cause and prejudice or actual innocence. *Breard*, 134 F.3d at 620. "Cause" in this context means an "objective factor external to the defense" sufficient to thwart an actual attempt to correctly file the claims in state court. *McNeill v.*

---

[4] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006) (citing *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996)).

7

*Polk*, 476 F.3d 206, 214 (4th Cir. 2007) (citation omitted) (internal quotation marks omitted).

### a. Tippens's argument that the ineffective assistance of counsel constitutes cause to excuse his default

Initially, Tippens suggests that the constitutionally ineffective assistance of appellate counsel constitutes cause to excuse his default. (*See, e.g.*, § 2254 Pet. 8.) "In order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate" that appellate counsel performed deficiently and that a reasonable probability of a different result exists. *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (citing *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)). Counsel had no obligation to assert all non-frivolous issues on appeal. Rather, "'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983)). A presumption exists that appellate counsel "'decided which issues were most likely to afford relief on appeal.'" *Bell*, 236 F.3d at 164 (quoting *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir.1993)). "'[O]nly when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" *Id.* (quoting *Smith v. Robbins*, 528 U.S. 259, 288 (2000)).

During trial, counsel failed to raise the challenges embodied in Claims 2 and 3, that unlawful wounding of a law enforcement officer is not a lesser-included offense of attempted murder of a law enforcement officer. Thus, appellate counsel would have

needed to demonstrate that the "ends of justice" warranted reviewing the unobjected error. *See* Va. Sup. Ct. R. 5A:18.[5] The Supreme Court of Virginia has held that "'[a]pplication of the ends of justice exception is appropriate when the judgment of the trial court was error and application of the exception is necessary to avoid a grave injustice or the denial of essential rights.'" *Rowe v. Commonwealth*, 675 S.E.2d 161, 165 (Va. 2009) (quoting *Charles v. Commonwealth*, 613 S.E.2d 432, 433 (Va. 2005)).

Under circumstances similar to Tippens, however, the Supreme Court of Virginia has stated that the ends of justice exception should not be applied where the party "invited the error of which he complained before the Court of Appeals." *Id.* In *Rowe*, the defendant was indicted for attempted capital murder of a law enforcement officer for attempting to hit a police officer with his vehicle. *Id.* at 162-63. Following a bench trial, the trial court convicted Rowe of that charge. *Id.* at 163. Rowe moved the trial court for reconsideration and "the trial court vacated its finding of guilt on the charge of attempted capital murder of a law enforcement officer, and instead convicted Rowe of the Class 6 felony of assault and battery of a police officer pursuant to [Virginia] Code § 18.2–57(C)." *Id.* On appeal, Rowe argued that the assault and battery charge was not a lesser included offense of the attempted capital murder charge. *Id.* The Supreme Court of Virginia concluded that Rowe had invited any error with respect to the assault and battery charge because, at trial, he "advanced the assault charge—the charge of which he was never indicted but eventually convicted—as a more lenient alternative to the attempted

---

[5] "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Va. Sup. Ct. R. 5A:18.

murder charge he was then facing and maintained that it was a lesser included offense." *Id.* at 164-65.

Here, counsel for Tippens argued that attempted unlawful wounding of a law enforcement officer was a lesser included offense of attempted murder of a law enforcement officer. (May 27, 2010 Tr. 219.) Specifically, in persuading the Circuit Court to strike the charge of attempted murder of a law enforcement officer, counsel argued that the charge should "probably go[ ] to unlawful wounding because really as far as I see the statute really the only difference is kind of a soft question of the magnitude and indicia of the malice mens rea component . . . ." (May 27, 2010 Tr. 219.) Given these circumstances, Tippens fails to demonstrate that appellate counsel acted in a constitutionally deficient manner by choosing to pursue the preserved challenge to the sufficiency of the evidence, rather than the error he now asserts in Claims 2 and 3. Accordingly, appellate counsel's actions fail to constitute cause to excuse the default of Claims 2 and 3.

### b. Tippens's argument that the lack of adequate access to the prison law library should excuse his default

Next, Tippens suggests that his default should be excused because he lacked adequate access to the prison law library and the computers therein.[6] (Pet'r's Mot. to Deny Resp't's Second Mot. to Dismiss 4, ECF No. 44.) Under a theory that the Constitution guarantees inmates reasonable access to the courts, some courts have

---

[6] In Claim 4, Tippens raised the lack of adequate access to the prison law library and the computers therein as an independent basis for habeas relief. Although the Court rejected this as independent basis for habeas relief, the Court must still consider this alleged impediment as a basis for excusing his default.

concluded that the lack of access to an adequate prison law library may constitute cause sufficient to excuse a procedural default. *See Spencer v. Magrady*, No. 10-703, 2010 WL 5830500, at *6-7 (E.D. Pa. Dec. 1, 2010) (citing cases). Here, however, the default occurred during the course Tippens's direct appeal, when he was represented by counsel. Virginia satisfied Tippens's "right of access to the courts by appointing appellate counsel." *Jones v. Armstrong*, 367 F. App'x 256, 258-59 (2d Cir. 2010); *see Lindsey v. Shaffer*, 411 F. App'x 466, 469 (3d Cir. 2011) (citations omitted) ("[A] state can fully discharge its obligation to provide a prisoner with access to the courts by appointing counsel."); *Hause v. Vaught*, 993 F.2d 1079, 1084 (4th Cir. 1993) (observing that an inmate's right to meaningful access to the courts "can be satisfied either by providing prisoners with adequate law libraries or with adequate assistance from persons trained in the law" (citing *Bounds v. Smith*, 430 U.S. 817, 828 (1977))). Thus, any inadequate access to the law library or the computers therein, fails to constitute a viable basis for excusing Tippens's default.

### c. Tippens's argument regarding actual innocence

Tippens also suggests he is "actual[ly] innocent of the charge of attempted malicious wounding . . . ." (Pet'r's Mot. to Deny Resp't's Second Mot. Dismiss 5 (citation omitted).) Tippens, however, was not convicted of that charge. He was convicted on unlawful wounding of a law enforcement officer. Moreover, Tippens has not submitted any new reliable evidence of his innocence of the charges of which he stands convicted. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). Thus, the Court cannot excuse his default on the basis of his actual innocence.

Tippens also argues that the lack of an indictment charging attempted unlawful wounding of law enforcement officer renders his conviction "VOID for want of subject matter jurisdiction," and he can raise such a challenge at any time. (Pet'r's Mot. to Deny Resp't's Second Mot. Dismiss 3.) Such an argument fails to provide a basis for avoiding his procedural default. *See Jenkins v. Johnson*, 231 F. App'x 618, 619 (9th Cir. 2007) (concluding petitioner procedurally defaulted claim that trial court lacked subject matter jurisdiction). Moreover, the underlying argument lacks merit. *Sigsby v. Hinkle*, No. 1:10cv1256 (GBL/IDD), 2012 WL 346692, at *3 (E.D. Va. Feb. 1, 2012) (explaining that the Court of Appeals of Virginia had overruled prior "decisions to the extent that they conclude a conviction of an offense that is not a lesser-included offense of the indicted charge renders the judgment void, i.e., it can be raised at any time in court" (quoting *Edwards v. Commonwealth*, 589 S.E.2d 444, 450 (Va. Ct. App. 2012))).

As Tippens has failed to demonstrate any basis for excusing his default, it is RECOMMENDED that Claims 2 and 3 be DISMISSED.

Accordingly, it is RECOMMENDED that Respondent's Motion to Dismiss (ECF No. 40) be GRANTED and that the action be DISMISSED.

Tippens is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. *See* Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims,

and it may also preclude further review or appeal from such judgment. *See Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

The Clerk is DIRECTED to send a copy of this Report and Recommendation to Tippens and counsel for Respondent.

It is so ORDERED.

/s/ 
Roderick C. Young
United States Magistrate Judge

Date: June 2, 2015
Richmond, Virginia

13